UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MELVIN RICHMOND,

        Plaintiff,

v.

SALEM COUNTY JAIL, et al.

        Defendants.

Civ. No. 12-5504 (RBK) (JS)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Plaintiff was previously detained as the Salem County Jail. Plaintiff is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. On March 8, 2013, the Court dismissed the complaint without prejudice for failing to state a claim upon which relief could be granted. Plaintiff was given thirty days in which to file an amended complaint.

On September 27, 2013, the Court received plaintiff's amended complaint. While plaintiff has filed his amended complaint well beyond the thirty-day time limit permitted, the Court will order the Clerk to reopen this matter so that the amended complaint can be screened. At this time, the Court must review the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the amended complaint will be permitted to proceed on one claim against one unnamed defendant. Plaintiff shall be given time to discover the name of the defendant and to file a second amended complaint that names this defendant.

## II. BACKGROUND

For purposes of screening the amended complaint, the allegations of the amended complaint are accepted as true. Plaintiff lists the following defendants in the amended complaint: (1) Salem County Jail; (2) Nurse Jane Doe(s) at Salem County Jail; and (3) Doctor John Doe(s) at Salem County Jail and (4) the Medical Services Provider at the Salem County Jail.

Plaintiff states that on April 1, 2012, he was admitted to the Salem County Jail "in lieu of an un-posted bail." (Dkt. No. 4 at p. 2.) Plaintiff alleges that on or about April 7, 2012, he asked for medical attention after his right foot became infected with MSRA bacteria. He states that he was forced to take a shower in an unclean communal shower without shower footwear. The nurse on duty at the time referred plaintiff to the doctor who saw plaintiff on April 10, 2012. The doctor told plaintiff to put antifungal topical cream on the MSRA infection.

Subsequently, on April 12, 2012, plaintiff visited the nurse again after the pain in his foot became unbearable. He requested hospitalization because he could not walk. Plaintiff states in the next paragraph of the amended complaint that he was not provided treatment until he was transferred out of the Salem County Jail on June 12, 2012. After being transferred, plaintiff was subsequently admitted to St. Francis Medical Center for treatment of his MSRA. Plaintiff subsequently underwent foot surgery and part of his right foot was removed due to the MSRA infection. Plaintiff states that he continues to endure constant pain and that the defendants were deliberately indifferent to his serious medical needs. He requests damages in the amount of $750,000.

### III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Tp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

**IV. DISCUSSION**

Plaintiff alleges that he was detained in the Salem County Jail due to an un-posted bond. The Court construes this allegation to mean that plaintiff was a pretrial detainee while incarcerated at the Salem County Jail. The Fourteenth Amendment prohibits punishment of a pretrial detainee without due process of law. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Fourteenth Amendment standard of unconstitutional punishment contains both a subjective and an objective component; specifically:

4

> Unconstitutional punishment typically includes both objective and subjective components. As the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), the objective component requires inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* at 298, 111 S. Ct. 2321.

*Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). Pretrial detainees retain at least those constitutional rights enjoyed by convicted prisoners with respect to the medical care they receive while incarcerated. *See Kost v. Kozakiewicz*, 1 F.3d 176, 188 (3d Cir. 1993).

> In assessing the denial of medical care to a pretrial detainee, the inquiry is whether the denial was "imposed for the purpose of punishment or whether it [was] but an incident of some other legitimate governmental purpose." *Bell v. Wolfish*, 441 U.S. 520, 538, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). That inquiry involves an indirect application of the Eighth Amendment deliberate indifference standard: "the Supreme Court has concluded that the Fourteenth Amendment affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner,' without deciding whether the Fourteenth Amendment provides greater protections."

*King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008) (quoting *Natale*, 318 F.3d at 581 (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983))) (other citations omitted). With respect to alleging a constitutional claim for denial of medical care, the Third Circuit has stated the following:

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plaintier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical

5

> treatment based on a nonmedical reason; or (3) prevents a prisoner
> from receiving needed or recommended treatment." *Rouse*, 182
> F.3d at 197. Deference is given to prison medical authorities in the
> diagnosis and treatment of patients, and courts "disavow any
> attempt to second-guess the propriety or adequacy of a particular
> course of treatment. . . (which) remains a question of sound
> professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*,
> 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551
> F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or
> medical malpractice do not trigger constitutional protections.
> *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam). The Third Circuit has also noted that deliberate indifference can be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted).

"In order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, No. 12-4564, 2013 WL 3834399, at *2 (3d Cir. July 25, 2013) (per curiam) (citing *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

A. Salem County Jail

Plaintiff first names as a defendant the Salem County Jail. The claims against the Salem County Jail will be dismissed with prejudice for failure to state a claim as the jail is not a "person" subject to suit under § 1983. *See Parrish v. Ocean Cnty. Jail*, No. 13-2020, 2013 WL 5554687, at *2 (D.N.J. Sept. 20, 2013) (finding that Ocean County Jail is not a person subject to suit under 42 U.S.C. § 1983) (citations omitted); *Ross v. Burlington Cnty. Jail*, No. 12-338, 2013

WL 3514191, at *2 (D.N.J. July 11, 2013) (dismissing claims against jail with prejudice as it is not a person subject to § 1983 liability) (citations omitted); *Ruiz v. Stills*, No. 09-34259, 2012 WL 762166, at *4 (D.N.J. Mar. 7, 2012) (dismissing Cumberland County Jail from lawsuit because it is not a person subject to § 1983 liability) (citations omitted).

B. April 7, 2012 Nurse

Plaintiff alleges that he was seen by a Jane Doe nurse on April 7, 2012. She purportedly told plaintiff that there was nothing she could do for plaintiff, but referred plaintiff to a doctor. Subsequently, plaintiff was seen by a doctor on April 10, 2012. These allegations do not allege that the unnamed nurse who saw plaintiff on April 7, 2012 was deliberately indifferent to his serious medical needs. The allegations do not allege that the nurse either: (1) knew of plaintiff's need for medical treatment but intentionally refused to provide it; (2) delayed necessary medical treatment based on a nonmedical reason; (3) prevented plaintiff from receiving needed or recommended treatment, or (4) persisted in a course of treatment in the face of resultant pain and risk of permanent injury. *See Pierce*, 520 F. App'x at 66 (stating what constitutes deliberate indifference); *see also McCluskey*, 505 F. App'x at 202. Instead, as alleged in the amended complaint, the nurse referred plaintiff to be seen by a doctor. Thus, her actions were not deliberately indifferent to plaintiff's serious medical needs. Therefore, the amended complaint does not state a claim against this unnamed nurse arising from her contact with plaintiff on April 7, 2012 and the claim will be dismissed with prejudice.

C. April 10, 2012 Doctor

Plaintiff was seen by a doctor on April 10, 2012, after he was referred by a nurse on April 7, 2012. Plaintiff states that the doctor told him to put antifungal topical cream on the MRSA infection. These allegations also do not state a claim against this unnamed doctor. Allegations

of mere negligence or medical malpractice are insufficient to show that a defendant is deliberately indifferent to a serious medical need. *See Steedley v. McBride*, 446 F. App'x 425-26 (3d Cir. 2011) (per curiam) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) (citing *Rouse v. Plaintier*, 182 F.3d 192, 197 (3d Cir. 1999))). In this case, plaintiff alleges that he was seen by this unnamed doctor on April 10, 2012, and the doctor told him how to treat his infection through anti-fungal cream. While plaintiff may have disagreed with this doctor's recommended treatment, his disagreement with the doctor's recommended treatment does not state a deliberate indifference claim. Instead, the allegations only rise to the level of medical malpractice or negligence which is insufficient to state a deliberate indifference claim. Thus, the claim will be dismissed with prejudice.

D. April 12, 2012 Nurse

Plaintiff next alleges that he again visited a Jane Doe nurse on April 12, 2012 due to his MRSA infection. He requested hospitalization from this nurse as he could not walk. In the next paragraph, plaintiff alleges that "the defendant's failed to provide treatment." Construed liberally, the Court presumes that plaintiff is alleging that he was provided no treatment by this nurse even after he told the nurse he could not walk. Based on these allegations, plaintiff has stated a claim against this unnamed nurse. The unnamed nurse purportedly knew of plaintiff's need for treatment in light of being informed by plaintiff that he could no longer walk. After being so informed, the nurse failed to provide plaintiff with treatment for what is considered serious medical need. *See Taylor v. Plousis*, 101 F. Supp. 2d 255, 262 (D.N.J. 2000) ("[S]everal courts have recognized that a medical condition which threatens a plaintiff's ability to walk, even on a non-permanent basis, falls within the ambit of a 'serious medical need.'") (citing *Kaufman v. Carter*, 952 F. Supp. 520, 527 (W.D. Mich. 1996); *Johnson v. Hardin Cnty.*, 908 F.2d 1280,

1284-84 (6th Cir. 1990)). Accordingly, the claim against this unnamed nurse will be allowed to proceed. Because plaintiff does not name the nurse involved in the April 12, 2012 meeting in the amended complaint, he shall be given time to identify this unnamed nurse in a second amended complaint.

E. <u>Medical Services Provider</u>

Plaintiff also names as a defendant the medical services provider at the Salem County Jail. The unnamed medical service provider of the Salem County Jail cannot be held responsible for the acts of its employees under a theory of *respondeat superior* or vicarious liability. *See Natale*, 318 F.3d at 583 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Thus, in order to state a claim against the unnamed medical services provider, plaintiff must state that there was a relevant policy or custom by the medical services provider that caused the constitutional violation he alleges. *See id.* at 584 (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 530 U.S. 397, 404 (1997)). "A policy is made 'when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." *See id.* (quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (plurality opinion))). "A custom is an act 'that has not been formally approved by an appropriate decisionmaker,' but that is 'so widespread as to have the force of law.'" *Id.* (citing *Bryan Cnty.*, 520 U.S. at 404). The Third Circuit has explained that:

> There are three situations where acts of a governmental employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." *Bryan County*, 520 U.S. at 417 (Souter, J., dissenting). The second occurs where "no rule has

> been announced as policy but federal law has been violated by an act of the policy maker itself." *Id.* Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'" *Id.* at 417-18 (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)).

*Natale*, 318 F.3d at 584 (internal footnote and citation omitted).

While the amended complaint discusses the unnamed nurse's failure to provide plaintiff with medical treatment on April 12, 2012, plaintiff does not allege that there was a relevant policy or custom by the medical services provider that caused the alleged constitutional violation. Accordingly, the claim against the unnamed medical service provider will be dismissed without prejudice.

F. <u>Notice of Change of Address</u>

Local Civil Rule 10.1(a) states that an unrepresented party must advise the Court of any change of his address within seven days of being apprised of such a change and that failure to file such a change may result in the imposition of sanctions by the Court. A review of the State of New Jersey, Department of Corrections website indicates that plaintiff was paroled on July 25, 2013. *See* https://www6.state.nj.us/DOC_Inmate/details?x=1233487&n=0 (last visited on November 21, 2013). To date, plaintiff has not supplied the Clerk with a notice of a change of address. Thus, plaintiff shall be ordered to supply the Clerk with his new address or else risk possible dismissal of this case for failure to prosecute.

V. **CONCLUSION**

For the foregoing reasons, the amended complaint will be permitted to proceed in part. Plaintiff shall be given time to file a second amended complaint that names the unnamed nurse

10

from the April 12, 2012 incident.  Additionally, plaintiff shall be ordered to supply the Clerk with his new address.  An appropriate order shall be entered.


DATED:  November 26, 2013

                                              s/Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge